IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS WATTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-984-D-BN |
| | § | |
| DALLAS COUNTY SHERIFF OFFICE, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

## Background

Marcus Watts, proceeding *pro se*, brings this civil rights action alleging that a corrections officer at the Dallas County Jail made a "pass" at his wife, which she construed as sexual harassment, and that the same officer has made improper remarks to a fellow prisoner about his wife. On March 6, 2013, Plaintiff tendered a handwritten complaint to the district clerk. *See* Dkt. No. 3. Because the complaint was not on a Court-approved form and Plaintiff failed to pay the filing fee or seek leave to proceed *in forma pauperis*, the Court sent Plaintiff a notice of deficiency requiring him to submit an amended complaint and a motion to proceed *in forma pauperis*. *See* Dkt. No.

4. Plaintiff filed an amended complaint and a motion to proceed *in forma pauperis* on March 21, 2013. *See* Dkt. Nos. 5 & 6. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the undersigned granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7.

In his amended complaint, Plaintiff states:

> On the date of 03/01/13 my wife came to visit me and acted unhappy w/ the staff so we talked som[ewhat] about our personal issues until the visit was over, at the end of that visit she said she has som[ething] to tell me but our time was over and she asked me to call home and we would discuss her issue.
>
> On 3/02/13 I called on her to explain whatever she wanted to say. Records will reflect the details of our call and she told me Srt. Weeks has made a pass at her that was truly misconduct and was taken as har[assment].
>
> Since then Officer Weeks has came to our cell and made sexual remarks to Robert Solis about his wife so this seems to be a irreparably issue and such improper sexual actions w/in this facility is truly misconduct.

Dkt. No. 5 at 4. By this lawsuit, Plaintiff seeks to hold the Dallas County Jail and Officer Weeks responsible for the inappropriate conduct. *See* Dkt. No. 5.

The undersigned now determines that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>    (i)    is frivolous or malicious;
>
>    (ii)   fails to state a claim on which relief may be granted; or
>
>    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff's claims against the Dallas County Jail should be summarily dismissed. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes,* No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Dallas County Jail is not a legal entity capable of being sued. *See Gibson v. Dallas County Jail System,* No. 3:07-cv-490-L, 2007 WL 1576264, at *2 (N.D. Tex. May 31, 2007) (finding that Dallas County Jail is not a jural entity capable of being sued); *see also Lohman v. Ellis County Jail*, No. 3:12-cv-5285-P-BN, 2013 WL 1148603, at *2 (N.D. Tex. Mar. 4, 2013) (same as to Ellis County Jail), *rec. adopted*, 2013 WL 1155440 (N.D. Tex. Mar. 20, 2013).

Plaintiff has also failed to state a claim for relief against Officer Weeks under 42 U.S.C. § 1983. Even if the Court assumes that his factual allegations are true, Plaintiff has not shown that he personally sustained the deprivation of any right, privilege, or immunity secured by the Constitution or laws of the United States. Rather, the only colorable claim asserted by Plaintiff is for misconduct against another individual. Plaintiff lacks standing to litigate such a claim. *See Kennedy v. Dallas Police Dep't*, No. 3:06-cv-716-G, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring Section 1983 action only for deprivations he himself has suffered); *see also White v. Simpson,* No. 3:04-cv-728-D, 2004 WL 2049306, at *2 (N.D. Tex. Sept. 13,

2004) (same). Plaintiff may not bring a lawsuit on behalf of his wife. *See, e.g., Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:09-cv-346-O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. § 1654, individuals who do not have a law license may not represent other parties even on a next friend basis.").

To the extent that Plaintiff attempts to assert a civil rights claim on his own behalf, he has failed to state a claim on which relief may be granted as a matter of law. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff does not allege that he suffered any physical injury as a result of the allegedly improper advances of Officer Weeks toward his wife.

Plaintiff's claims should be summarily dismissed for lack of standing.

## Recommendation

The Court should summarily dismiss Plaintiff's claims in their entirety, pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE